ute does not provide for *total* immunity from discovery of all records concerning the health care provided any patient. Rather, "the public policy of this state [is] that peer review committee proceedings, to the extent they address the health care provided any patient, are immune from discovery." *Faith Hosp.,* 706 S.W.2d at 855–56. Thus:

[I]nformation otherwise discoverable or admissible from original sources is not to be construed as immune from discovery or use in any proceeding merely because it was presented during proceedings before a peer review committee nor is a member, employee, or agent of such committee, or other person appearing before it, to be prevented from testifying as to matters within his personal knowledge and in accordance with the other provisions of this section, but such witness cannot be questioned about testimony or other proceedings before any health care review committee or board or about opinions formed as a result of such committee hearings.

§ 537.035.4. Therefore, a party opposing a request for discovery on the basis of the Peer Review Statute, must make a showing as to how the requested discovery violates the statute's provisions. See procedures outlined in *Corrigan v. Methodist Hosp.,* 158 F.R.D. 54 (E.D.Pa.1994)[4].

### III.

In *Metropolitan Transp.,* 800 S.W.2d at 476, the trial court gave no reason for its order. The Western District of this Court found that the trial court's failure to state reasons for its discovery ruling was a clear abuse of discretion, under circumstances where, without appropriate explanation, the trial court's actions relating to discovery appeared illogical, capricious and arbitrary. *See also State ex rel. Soete v. Weinstock,* 916 S.W.2d 861, 863 (Mo.App.1996). In the ab-

sence of probative evidence before it with which to make its determination and in its failure to state the reasons for its discovery ruling, the trial court acted in an arbitrary and unreasonable manner. This constituted an abuse of discretion. *State ex rel. Lichtor v. Clark,* 845 S.W.2d at 59.

Our preliminary order in prohibition is made absolute and Respondent is ordered to overrule Cox Medical's objections to Relator's first request for production of documents numbered 10, 12, 14, 20, 21, 22, 23, 26, 27, 29, 30, 31 and 32.

GARRISON and PREWITT, JJ., concurs.

**STATE of Missouri, Respondent,**

v.

**Anthony J. CARTER, Appellant.**

**Nos. WD 51256, WD 53121.**

Missouri Court of Appeals,
Western District.

March 4, 1997.

James C. Cox, Assistant Appellate Defender, Kansas City, for Appellant.

---

4. *Corrigan* relates to Pennsylvania's Peer Review Protection Act, 63 P.S. § 425.4, which in its key parts substantively tracks the Missouri Peer Review Statute. The *Corrigan* court held that to assert the peer review protection, the proponent of the privilege had to: "[F]irst certify and/or testify as to (1) the source of his or her knowledge, (2) whether the information and documents sought ... derive solely from the proceedings and records of the hospital's peer review committee(s) and (3) that those records and proceedings arose out of matters which are the subject of evaluation and review by those committee(s). Should [the proponent of the privilege] be unable to so certify or testify (under oath and subject to the appropriate statutes governing unsworn falsification to authorities), responsive testimony shall be given to the Plaintiff's questions and the requested documents and materials shall be produced." *Corrigan,* 158 F.R.D. at 58.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine N. Blegen, Asst. Atty. Gen., Jefferson City, for Respondent.

Before LOWENSTEIN, P.J., and SPINDEN and HOWARD, JJ.

## ORDER

PER CURIAM.

Consolidated appeal from conviction of tampering in the first degree, § 569.080.1(2), RSMo 1994, and from the denial of a Rule 29.15 motion for postconviction relief.

Affirmed. Rules 30.25(b) and 84.16(b).

nor daughter, S.J.O., pursuant to § 211.447, RSMo 1994.

The judgment is affirmed. Rule 84.16(b).

---

**Darren S. MILLS, Respondent,**

v.

**Yvette R. MILLS, Appellant.**

**No. WD 52088.**

Missouri Court of Appeals, Western District.

March 4, 1997.

---

**In the Interest of S.J.O.**

**JUVENILE OFFICER, Respondent,**

v.

**W.S. (Natural Mother), Appellant.**

**No. WD 52455.**

Missouri Court of Appeals, Western District.

March 4, 1997.

Lynne Terry Hopper, Columbia, for appellant.

Elizabeth K. Magee, Columbia, for respondent.

Before ULRICH, C.J., P.J., and ELLIS and EDWIN H. SMITH, JJ.

### ORDER

PER CURIAM:

Natural mother, W.S., appeals from a judgment of the Juvenile Division of the Family Court of Boone County, Missouri, terminating her parental rights over her mi-